IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIE HOUGH, PATRICIA DILLON, PHYLLIS HUDMAN, DEBORAH RIMMER, and MELINDA WEBSTER, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-10-2206 |
| TEXAS DEPARTMENT OF STATE HEALTH SERVICES - MEAT SAFETY ASSURANCE UNIT, | § § § § § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Texas Department of State Health Services-Meat Safety Assurance Unit's Motion to Dismiss Plaintiffs' ADEA Claim (Document No. 5), to which Plaintiffs Marie Hough, Patricia Dillon, Phyllis Hudman, and Deborah Rimmer have filed no opposition.  Under Local Rule 7.4, the motion is therefore deemed unopposed.  After having reviewed the motion and the applicable law, the Court concludes that the motion should be granted.

I. Background

Plaintiffs Marie Hough, Patricia Dillon, Phyllis Hudman, and Deborah Rimmer, all over age forty, allege in this lawsuit that

their former employer,[1] Defendant Texas Department of State Health Services-Meat Safety Assurance Unit, discriminated against them because of their age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq. The same plaintiffs and Melinda Webster[2] also allege that Defendant discriminated against them based on their sex in violation of Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

Plaintiffs were employed by Defendant as Meat Safety Assurance Inspectors and supervised by Veterinarian Jennifer Williams.[3] Plaintiffs allege that each had experienced no performance or disciplinary problems until Dr. Williams became their supervisor in April 2006, after which time Dr. Williams allegedly "subjected them to a constant barrage of abusive and derogatory remarks, subjected them to harsher discipline and assigned them routes that caused them to go farther for less compensation."[4] Plaintiffs, with the

---

[1] Plaintiff Dillon was able to transfer to work under another supervisor, and was not constructively discharged. Hence, Defendant is Dillon's current employer.

[2] Melinda Webster does not bring an ADEA claim against Defendant.

[3] See Document No. 1 at 3.

[4] See id. at 8.

2

exception of Dillon, further claim that they were constructively discharged as a result of the alleged abuse.[5]

Defendant, a state agency, moves to dismiss the ADEA claim, asserting that the Court lacks subject matter jurisdiction because Defendant enjoys sovereign immunity under the Eleventh Amendment, which it claims the State of Texas has not waived.

## II. Legal Standard

"Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." Warnock v. Pecos Cnty, Tex., 88 F.3d 341, 343 (5th Cir. 1996). Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED R. CIV P. 12(b)(1). The burden of establishing subject matter jurisdiction is on the party seeking to invoke it. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Rule 12(b)(1) challenges to subject matter jurisdiction come in two forms: "facial" attacks and "factual" attacks. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990); Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). A facial attack, which consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence, challenges the court's jurisdiction based solely on the pleadings. Paterson, 644 F.2d at

---

[5] Id. at 4-5.

523. When presented with a facial challenge to subject matter jurisdiction, the court examines whether the allegations in the pleadings are sufficient to invoke the court's subject matter jurisdiction, assuming the allegations to be true. Id.; Simmang v. Tex. Bd. of Law Examiners, 346 F. Supp. 2d 874, 880 (W.D. Tex. 2004).

### III. Discussion

Defendant argues that, under the Eleventh Amendment, it is immune to suit in federal court on Plaintiffs' ADEA claims. Absent waiver by the State or abrogation by Congress, the Eleventh Amendment bars actions against a state entity in federal court by private parties seeking monetary relief. See Sullivan v. Univ. of Tex. Health Science Center at Houston, 217 F. App'x 391, 392 (5th Cir. 2007) (citation omitted). Although Congress expressly abrogated state sovereign immunity in the ADEA,[6] the Supreme Court

---

[6] The Kimel Court explained Congress's express abrogation of state sovereign immunity in the ADEA:

> The ADEA states that its provisions "shall be enforced in accordance with the powers, remedies and procedures provided in sections 211(b), 216 (except for section (a) thereof), and 217 of this title, and subsection (c) of this section." 29 U.S.C. § 626(b). Section 216(b), in turn, clearly provides for suits by individuals against States. That provision authorizes employees to maintain actions for backpay "against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . ." Any doubt concerning the identity of the "public agency" defendant named in §216(b) is dispelled by looking to § 203(x), which defines the

4

has held that abrogation to be invalid. *See* <u>Kimel v. Fla. Bd. of Regents</u>, 120 S. Ct. 631, 650 (2000) ("[W]e hold that the ADEA is not a valid exercise of Congress' power under § 5 of the Fourteenth Amendment. The ADEA's purported abrogation of the States' sovereign immunity is accordingly invalid."). Therefore, Plaintiffs cannot bring an ADEA claim against a state agency in federal court unless the State of Texas has waived its immunity. <u>Sullivan</u>, 217 F. App'x at 392.

A state waives its immunity under the Eleventh Amendment if either "(1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction." <u>Meyers ex. rel. Benzing v. Tex.</u>, 410 F.3d 236, 241 (5th Cir. 2005); *see also* <u>Sullivan</u>, 217 F. App'x at 393 ("[T]he 'clear declaration' that <u>Meyers</u> references is some type of *statutory* declaration of the State's intention to be bound." (emphasis in original)). In their complaint, Plaintiffs do not cite any state statute in which the State of Texas has waived sovereign immunity under the ADEA, nor do Plaintiffs plead any facts that would establish that the State

---

        term to include "the government of a State or political subdivision thereof," and "any agency of . . . a State, or a political subdivision of a State."

<u>Kimel</u>, 120 S. Ct. at 640.

voluntarily invoked federal jurisdiction such that it waived its sovereign immunity in this case.

"Congress has not abrogated Eleventh Amendment immunity from ADEA claims, and Texas has not voluntarily waived its immunity. [Plaintiffs' ADEA claim] is therefore barred by the Eleventh Amendment." Sullivan, 217 F. App'x at 395.

## IV.  Order

Accordingly, it is

ORDERED that Defendant Texas Department of State Health Services-Meat Safety Assurance Unit's Motion to Dismiss Plaintiffs' ADEA Claim (Document No. 5) is GRANTED, and Plaintiffs' ADEA claims are DISMISSED for lack of subject matter jurisdiction.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 6TH day of January, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE